Erik Boyd
#16087-112; Saguaro Unit
FCI Safford
P.O. Box 9000
Safford, AZ 85548

Defendant, Pro Se



UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Respondent,<br><br>v.<br><br>ERIK DAMON BOYD,<br><br>Defendant-Petitioner. | No. CV 07-4372-AHS<br>(CR 99-1007(D)-AHS)<br><br><br>MOTION FOR DECLARATORY<br>JUDGMENT |

    **COMES NOW,** defendant-petitioner Erik Damon Boyd ("Erik"), and hereby respectfully moves for judgment to be declared in his favor, pursuant to Rule 12 of the Rules Governing Section 2255 Proceedings For The United States District Courts ("2255 Rules Governing"), Rule 57 of the Federal Rules of Civil Procedure ("F.R.Civ.P."), the pleadings filed herein, and the record on file.

-2-

**ARGUMENT**

Rule 12 of the 2255 Rules Governing states:

> The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules.

Under the authority of Rule 12, defendant Erik now submits the instant motion pursuant to F.R.Civ.P. 57, which states:

> These rules govern the procedure for obtaining a declaratory judgment under 28 U.S.C. § 2201. . . . . The existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate. The court may order a speedy hearing of a declaratory-judgment action.

Defendant filed his § 2255 Motion, pursuant to the "Mailbox Rule" on June 20, 2007. For a number of reasons which are all a matter of record, defendant-petitioner Erik (plaintiff in CV 07-04372-AHS) did not receive the government's Opposition until April of this year (filed on 4/25/08).

Because the government's Opposition violated the Court's Rules, and exceeded the 25-page limitation, the government was

-3-

served with a Notice Of Deficiencies, by the Court's Clerk's Office, which was filed on 4/30/2008. To date, defendant-petitioner has received nothing more (approximately 1 month later).

The Notice Of Deficiency states in relevant portion: "In response to this notice the court may order (1) an amended or correct document to be filed (2) the document stricken or (3) take other action as the court deems appropriate." Defendant-petitioner Erik has received no further Orders from the Court, nor any amended and/or corrected Response from the government.

In <u>Ellis v. Dyson</u>, 421 U.S. 426, 44 L.Ed.2d 274, 282 (1975), the Supreme Court held:

> A genuine threat must be demonstrated if a case or controversy, within the meaning of Art III of the Constitution and of the Declaratory Judgment Act, **may be said to exist.**

(Emphasis added). It is beyond debate that a "genuine threat"

-4-

is demonstrated in petitioner Erik's § 2255 Motion. His ineffectiveness assistance of counsel claims are substantial, and easily create "a case or controversy." The government's "oversize" Opposition, alone, demonstrates that a "genuine threat" exists.

In <u>Steffel v. Thompson</u>, 415 U.S. 452, 39 L.Ed.2d 505 (1974), both the district court and the Court of Appeals held that declaratory relief would normally disrupt the state criminal justice system," since the defendant requested declaratory relief where state prosecution was being threatened. In reversing both lower courts, the Supreme Court held in relevant portion:

> We therefore hold that, regardless of whether injunctive relief may be appropriate, federal declaratory relief is not precluded when no state prosecution is pending and a federal plaintiff **demonstrates a genuine threat** of enforcement of a disputed state criminal statute, **whether an attack is made on the constitutionality of the statute on its face or as applied.**

<u>Id</u>., at 524. (Emphasis added). In the instant case, the Sixth Amendment right to effective assistance of counsel is

-5-

a genuine threat, and is a direct violation of the Constitution, on its face.

Accordingly, and in light of the foregoing, defendant-petitioner Erik prays for judgment in his favor based upon his motion, and respectfully requests that the Court grant his motion, and the relief requested therein, and such other and further relief as this Court shall deem just and reasonable.

DATED: May 27, 2008.
Safford, Arizona.

Respectfully submitted,

_____
Eric Damon Boyd
JC/ihk

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify, under penalty of perjury, pursuant to 28 U.S.C. § 1746, that I have served an accurate copy of the attached __Motion For Declaratory Judgment__

upon the following party (ies):

Alka Sagar - AUSA
Office of the U.S. Attorney
1100 United States Courthouse
312 North Spring St.
Los Angeles, CA 90012

Clerk of Court
United States District Court
U.S. Courthouse, Rm. G8
Los Angeles, CA 90012

postage prepaid, by placing same in the Bureau of Prisons' mailing system, on the date set forth below.

DATED: May 27, 2008.
Safford, Arizona

Eric Damon Boyd
#16087-112
JC/thk