**JS6**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| UNITED STATES OF AMERICA, | ) | CV 07-4372 AHS |
|---|---|---|
| | ) | CR 99-1007 AHS |
| Plaintiff/Respondent, | ) | |
| | ) | ORDER DENYING PETITIONER'S |
| v. | ) | (1) MOTION TO VACATE, SET |
| | ) | ASIDE OR CORRECT SENTENCE |
| ERIK DAMON BOYD, | ) | UNDER 28 U.S.C. § 2255 (2) |
| | ) | AND (2) "MOTION REQUEST FOR |
| Defendant/Petitioner. | ) | ALL DOCUMENT(S), |
| | ) | TRANSCRIPT(S), CONTRACT(S), |
| | ) | PRE-INVESTIGATION REPORT(S), |
| | ) | AND ANYTHING THAT WAS |
| | ) | PRESENTED ON THE RECORD(S) |
| | ) | WITH CASE NO(S). ABOVE" |

**I.**

**PROCEDURAL BACKGROUND**

On February 27, 2001, following a jury trial (before Judge Lourdes Baird), defendant Erik Damon Boyd ("petitioner"), was convicted of one count of robbery affecting interstate commerce in violation of 18 U.S.C. § 1951 and one count of conspiracy to commit robbery affecting interstate commerce in violation of 18 U.S.C. § 1951. On April 23, 2001, petitioner was sentenced to 210 months imprisonment and ordered to pay restitution, joint and severally with co-defendants, in the amount of $18,916,448.83. On April 26,

2001, petitioner filed a Notice of Appeal. On March 14, 2003, the district court spread the mandate from the United States Court of Appeals, Ninth Circuit, affirming petitioner's conviction.

On July 5, 2007, petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 ("§ 2255 motion"). On October 29, 2007, the Court set a briefing schedule. On March 25, 2008, petitioner filed "Motion Request for All Document(s), Transcript(s), Contract(s), Pre-Investigation Report(s), and Anything That Was Presented on the Record(s) with Case No(s). Above" ("document motion"). On April 25, 2008, the government filed opposition to petitioner's § 2255 motion. Petitioner had until May 23, 2008 to file a reply. Petitioner filed no reply.

**II.**

**DISCUSSION**

**A.     Section 2255 Motion**

Petitioner brings his § 2255 motion on the grounds of ineffective assistance of counsel. The government contends the motion is time-barred and not subject to equitable tolling.[1]

The statute of limitations under § 2255 begins to run on "the date on which the judgment of conviction becomes final," with exceptions not relevant here. See § 2255(f)(1). Though the section does not define "final," the "Supreme Court has held that a conviction becomes final in the context of habeas review when 'a

---

[1] Because the Court finds the § 2255 motion time-barred, it does not reach petitioner's ineffective assistance of counsel claim. The Court finds an evidentiary hearing unnecessary to resolve the motion. 28 U.S.C. § 2255(b).

2

judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied.'" United States v. Schwartz, 274 F.3d 1220, 1223 (9th Cir. 2001) (quoting Griffith v. Kentucky, 479 U.S. 314, 321 n.6, 107 S. Ct. 708, 93 L. Ed. 2d 649 (1987)).

Petitioner had 90 days after the Ninth Circuit's judgment to file a petition for writ of certiorari with the United States Supreme Court, but did not. Petitioner thus had to file the instant § 2255 motion within a year of the end of the 90-day period following the Ninth Circuit's judgment. The Ninth Circuit's mandate affirming the petitioner's conviction was spread by the Court's order of March 14, 2003. The government counts the statute of limitations from January 30, 2003, the date the Ninth Circuit affirmed the judgment. Even when the 90 days is counted from the latest of the aforementioned dates, petitioner's § 2255 motion was filed over three years late. Thus, the § 2255 motion is time-barred.

Petitioner acknowledges the untimeliness of his motion, but requests that the Court equitably toll the statute of limitations due to his counsel's alleged failure to inform him of the status of his direct appeal. In the context of the Antiterrorism and Effective Death Penalty Act of 1996, equitable tolling is "appropriate only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Miranda v. Castro, 929 F.3d 1063, 1066 (9th Cir. 2002) (internal quotations and emphasis omitted). The "extraordinary circumstances" must have been the cause of the untimeliness. Laws

1  v. Lamarque, 351 F.3d 919, 922 (9th Cir. 2003).  The Ninth Circuit
2  has "made clear, however, that equitable tolling is unavailable in
3  most cases."  Miranda, 929 F.3d at 1066.
4      An attorney's "miscalculation of the limitations period"
5  to file a habeas motion or "his negligence in general" do not
6  amount to extraordinary circumstances warranting equitable tolling.
7  Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001).  Here,
8  petitioner claims he did not timely file the instant motion because
9  his attorney had "affirmatively misled" him into believing his
10 direct appeal was pending as of September 2006.  (See Motion, at
11 13).  Petitioner does not explain how he was "affirmatively
12 misled," nor does he explain what efforts he made to keep apprised
13 of his appeal's progress before September 2006.  Moreover,
14 petitioner's counsel has filed a declaration stating he was in
15 contact with petitioner's family, was told by the family that they
16 were in regular contact with petitioner, and that he informed the
17 family of the Ninth Circuit's ruling in February 2003.
18 (Declaration of Gregory Nicolaysen ¶ 8).  Counsel assumed
19 petitioner's family would convey this information to him.
20     At most, counsel was "negligent" in not directly
21 informing his client regarding the resolution of his appeal.  Frye,
22 273 F.3d at 1146.  The circumstances here are far from the
23 "extraordinary circumstances" necessary to warrant equitable
24 tolling.  See Spitsyn v. Moore, 345 F.3d 796, 801 (9th Cir. 2003).
25 In Spitsyn, petitioner's attorney was retained and accepted payment
26 for the specific purpose of filing a habeas petition.  Id.  The
27 attorney then "completely failed to prepare and file a petition"
28 and did not relinquish petitioner's file to him before the end of

4

1  the limitations period.  Id.  The court found the attorney engaged
2  in sufficiently "extraordinary" misconduct to warrant equitable
3  tolling.  Spitsyn is distinguishable from the case at hand,
4  however.  Petitioner's counsel owed him no duty of representation
5  with regard to his § 2255 motion and there is no evidence that
6  petitioner's counsel "affirmatively misled" him.  Equitable tolling
7  is, accordingly, not warranted in this case  Petitioner's § 2255
8  motion is denied.

**B.**      **Document Motion**

During the pendency of his § 2255 motion, petitioner filed a document motion.  Because the Court denies petitioner's § 2255 motion, it similarly denies his document motion.  Though a § 2255 petitioner is in some circumstances entitled to receive a trial transcript, the Court finds that, because petitioner's motion is time-barred, "the transcript is [not] needed to decide the issue presented by" the motion.  See 28 U.S.C. § 753(f); see also United States v. MacCollom, 426 U.S. 317, 325, 96 S. Ct. 2086, 48 L. Ed. 2d 666 (1976).

//
//
//
//
//
//
//
//
//
//

## III.

**CONCLUSION**

For the foregoing reasons, the Court denies petitioner's § 2255 motion and his document motion.

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Order on counsel for all parties in this action and petitioner at her last known place of incarceration.

DATED: July 21, 2008.

ALICEMARIE H. STOTLER

_____
ALICEMARIE H. STOTLER
CHIEF U.S. DISTRICT JUDGE